**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-cr-137-FDW-DCK-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **DELA EUZENE MAY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's pro se "Motion to Preserve 18 U.S.C. 922(g) Issue that is Sure to Reach the United States Supreme Court" [Doc. 30] that appears to be a Motion to Vacate pursuant to 28 U.S.C. § 2255.

The Defendant pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [See Doc. 15 (Factual Basis); Oct. 31, 2022 Minute Entry]. He was sentenced to 57 months' imprisonment followed by three years of supervised release in a Judgment entered on April 3, 2023. [Doc. 25]. He did not appeal.

Defendant has filed two *pro se* Motions seeking a sentence reduction that were denied. [Doc. 29; Aug. 8, 2023 Text-Only Order].

The Defendant filed the instant "Motion to Preserve…" on March 26, 2024.[1] He states that he anticipates challenging the constitutionality of his § 922(g)(1) conviction and sentence because it is potentially illegal pursuant to developing Supreme Court case law.

---

[1] The docketing date is used here because the Defendant does not certify the date upon which he placed the Motion in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

Before this Court construes the "Motion to Preserve…" as a Motion to Vacate under § 2255, it must "inform[] the litigant of its intent to recharacterize, warn[] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide[] the litigant with an opportunity to withdraw, or amend, the filing." United States v. Castro, 540 U.S. 375, 383 (2003). Pursuant to Castro, the Court now warns the Defendant that this recharacterization means that any subsequent § 2255 petitions will be subjected to the restrictions on "second or successive motions," that is, he may not bring a second or successive motion under § 2255 without first obtaining certification by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Such certification is rarely granted. In addition, the Court now provides Defendant with the opportunity to withdraw the "Motion to Preserve…" or to amend it so that it contains all of the § 2255 claims he wishes to present. Castro, 540 U.S. at 383.

The Court further cautions the Defendant that a Motion to Vacate must be submitted on, or substantially follow, the prescribed form and: (1) specify all the grounds for relief available to him; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. Rule 2(b)-(c), 28 U.S.C. foll. § 2255. The Defendant's "Motion to Preserve ..." does not substantially follow the required form and it is not verified (signed under penalty of perjury). See Rule 2(b)(5), 28 U.S.C. foll. § 2255.

The Defendant shall have thirty (30) days in which to file a Notice withdrawing the "Motion to Preserve ...," if he does not wish for it to be recharacterized as a § 2255 Motion to Vacate. On the other hand, if the Defendant does wish to proceed under § 2255, he shall have thirty (30) days to file a superseding Amended Motion to Vacate that corrects the deficiencies identified in this Order or otherwise states a claim for relief. Piecemeal amendment will not be permitted.

Any Amended Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back).

Should the Defendant fail to withdraw the "Motion to Preserve ..." in accordance with this Order, it will be recharacterized as a § 2255 Motion to Vacate. If the Plaintiff proceeds under § 2255 and fails to correct the deficiencies identified in this Order, the Motion to Vacate will be dismissed without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant shall have **thirty (30) days** to either: file a superseding Amended Motion to Vacate that corrects the deficiencies identified in this Order; or file a Notice withdrawing the "Motion to Preserve ...," rather than having it recharacterized as a Motion to Vacate.

2. If the Defendant does not timely file a Notice withdrawing his "Motion to Preserve ...," it will be recharacterized as a § 2255 Motion to Vacate. Should the Defendant fail to amend his Motion to Vacate in accordance with the terms of this Order, the § 2255 action will be dismissed without further notice.

3. The Clerk is respectfully instructed to mail the Defendant a blank § 2255 form and a copy of this Order.

Signed: March 28, 2024

Frank D. Whitney
United States District Judge