UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-137-FDW-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| DELA EUZENE MAY, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court sua sponte.

The Defendant filed an unverified pro se "Motion to Preserve 18 U.S.C. 922(g) Issue that is Sure to Reach the United States Supreme Court" that was construed on initial review as a Motion to Vacate pursuant to 28 U.S.C. § 2255. [Docs. 30, 32]. It appears that the Defendant seeks to challenge his conviction pursuant to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S.Ct. 2111 (2022), and developing case law.

On March 29, 2024, the Court provided the Defendant with warnings pursuant to United States v. Castro, 540 U.S. 375 (2003), and granted him 30 days to either: file a superseding Amended Motion to Vacate that corrects the deficiencies identified in the Order; or to file a Notice withdrawing his Petition rather than having recharacterized as a § 2255 Motion to Vacate. [Doc. 32]. The Court cautioned the Defendant that, if he does not timely withdraw his "Motion to Preserve…", it will be recharacterized as a § 2255 Motion to Vacate and, if he fails to amend it to correct its deficiencies, it will be dismissed without further notice. [Id.]. The Defendant has not responded to the March 29 Order and the time to do so has expired.

The Defendant has failed to respond to the Castro Order and, accordingly, the "Motion to Preserve …" is recharacterized as a § 2255 Motion to Vacate. However, the Motion to Vacate has serious deficiencies which the Defendant has failed to correct such that it cannot proceed. The Motion to Vacate is, therefore, dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that the "Motion to Preserve…" [Doc. 30] is recharacterized as a § 2255 Motion to Vacate and it is **DISMISSED WITHOUT PREJUDICE**.

Signed: May 14, 2024

Frank D. Whitney
United States District Judge